## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In re<br>**STEPHEN E RUSSELL AND**<br>**BARBARA H RUSSELL**<br><br>            **Debtors** | CASE NO. 17-20367<br>CHAPTER 13 |
| **BARBARA H RUSSELL**<br>            Plaintiff<br><br>    vs.<br><br>**US DEPARTMENT OF EDUCATION and**<br>**GRANITE EDVANCE CORPORATION**<br>            **Defendant** | ADV. PRO. CASE NO: |

### Debtor's Complaint to Determine Federal Student Loans Discharged
### For "Undue Hardship" under 11 U.S.C. § 523(a)(8)

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On July 17, 2017, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the District of Maine for relief under 11 U.S.C. § 1328, Chapter 13 of the Bankruptcy code.

3. Discharge was granted on September 3, 2024.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6. Venue is proper in this district pursuant to 28 U.S.C § 1409.

## Parties

7. Plaintiff, Barbara H Russell, is the Debtor in the above captioned case. She is the recipient of federal student loans and is a resident of Eliot, Maine.

8. Defendant U.S. Department of Education (ED) is a federal government agency that oversees and originates federal student loans. It is the originator and holder of some loans at issue.

9. Defendant Granite Edvance Corporation is a New Hampshire non-profit corporation headquartered in Concord, New Hampshire, and guarantor/holder of some loans at issue.

## Factual Allegations

10. ED holds two student loans with an estimated balance of $19,603, of which $18,892 is principal and $711 is interest.

11. The ED loans originated in 2013 and 2014 with for $15,178.

12. Since origination, the ED loan balances have grown by $ $4,425 or 29%.

13. Granite Edvance holds one student loan, which is a consolidation loan made up of 12 Stafford loans, with an estimated balance of 108,908, all of which is principal.

14. The Granite Edvance consolidation loan originated in 2002 for $52,541.

15. The underlying loans within Granit Edvance's consolidation loan originated between 1995 and 2000 with a total origination amount of $42,322.

16. Since origination, the Granite Edvance loans have grown by $66,586 or 157%.

17. The minimum payment under a standard plan is $190 a month with a 10-year term for the ED loans, and $735 a month with a 25-year term on the Granite Edvance loan for a total monthly minimum of $925 and a total payout of over $243,300.

18. Russell is years old 62 years old and is the sole income provider for her household which includes her disabled husband.

19. The idea of Russell making a payment of $925 for the next 10 years is untenable, never mind the continued payments of $735 for an additional 15 years beyond that.

20. Russell is currently employed earning $45,000 a year as a nurse, which she has been for many years.

21. Russell may need to retire sooner than age 65 due to caring for her husband.

22. Should Russell default, the government can take 15% of her wages and social security, which would only make things worse for her and her husband.

23. Russell has never defaulted due to forbearance and participation in Income Driven Repayment plans.

24. Unfortunately, forbearance and IDR have only contributed to the growing balance and have never helped paid down the principal.

25. While Russell is a nurse and might qualify for PSLF, the Granite Edvance loan is not eligible for PLSF.

26. Even if she were to consolidate the Granite Edvance to make it eligible for PSLF, it would require another 10 years of eligible employment, which is not likely given her age and homecare needs.

27. Because of Russell's age and home care requirements, te potential for her income to grow is extremely limited.

28. Russell filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living for herself and her husband.

29. Russell has maximized her income while reducing her expenses as best possible, but the economy and home care requirements limit this.

## Claim for Relief: Undue Hardship Discharge

30. The Debtor repeats and realleges the allegations contained in paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The repayment of federal student loans made to Russell would be an undue hardship to her.

32. As a result, her federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

WHEREFORE, the Debtor requests a judgment determining that her federal student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Barbara H Russell consents to the bankruptcy court's entry of final orders or judgment.

Dated July 11, 2025

Respectfully Submitted,
BARBARA H RUSSELL
By her attorney,
/s/Joshua Cohen
    Joshua R.I. Cohen (pro hac vice)
    Cohen Consumer Law, PLLC
    PO Box 1040
    St. Albans, VT 05478
    Tel: 802-380-8887
    Fax: 860-233-0339

jcohen@thestudentloanlawyer.com