U.S. BANKRUPTCY COURT
DISTRICT OF MAINE (PORTLAND)

| | |
|---|---|
| BARBARA H. RUSSELL, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>U.S. DEPARTMENT OF EDUCATION )<br>and GRANITE EDVANCE CORPORATION, )<br>)<br>Defendants ) | Adv. Proc. No.<br>25-02008 |

## ANSWER

Texas Guaranteed Student Loan Corp. ("Substituted Defendant"), by and through undersigned counsel, hereby answers Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint is summary in nature and does not require a substantive response. Any allegations requiring a response are denied.

2. Substituted Defendant admits the allegations set forth in paragraph 2 of the Complaint.

3. Substituted Defendant does not dispute the statement of jurisdiction set forth in paragraph 3 of the Complaint.

4. Substituted Defendant admits the allegations set forth in paragraph 4 of the Complaint.

5. Substituted Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6. Substituted Defendant does not dispute the statement regarding venue set forth in paragraph 6 of the Complaint.

## PARTIES

7. Substituted Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 8 of the Complaint and, therefore, denies the same.

9. Substituted Defendant admits the allegations set forth in paragraph 9 of the Complaint, and states affirmatively that it is the successor to Granite Edvance Corporation and is the real party in interest as to the loans previously held by such entity.

## FACTUAL ALLEGATIONS

10. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 10 of the Complaint and, therefore, denies the same.

11. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 11 of the Complaint and, therefore, denies the same.

12. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 12 of the Complaint and, therefore, denies the same.

13. Answering the allegations set forth in paragraph 13 of the Complaint, Substituted Defendant states affirmatively that it is the successor to Granite Edvance Corporation and is the real party in interest as to the loans previously held by such entity, and that the outstanding balance of those loans as of July 23, 2025 was $112,898.88.

14. Substituted Defendant admits the allegations set forth in paragraph 14 of the Complaint.

15. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 15 of the Complaint and, therefore, denies the same.

16. Substituted Defendant denies the allegations set forth in paragraph 16 of the Complaint.

17. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 17 of the Complaint and, therefore, denies the same.

18. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 18 of the Complaint and, therefore, denies the same.

19. Substituted Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 20 of the Complaint and, therefore, denies the same.

21. Substituted Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint states a legal conclusion as to which no response is required.  To the extent that Paragraph 22 of the Complaint includes factual allegations requiring a response, those allegations are denied

23. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 23 of the Complaint and, therefore, denies the same.

24. Paragraph 24 of the Complaint consists solely of argument as to which no response is required.  To the extent that Paragraph 24 of the Complaint includes factual allegations requiring a response, those allegations are denied.

25. Paragraph 25 of the Complaint states a legal conclusion as to which no response is required.

26. Paragraph 26 of the Complaint consists solely of argument as to which no response is required. To the extent that Paragraph 26 of the Complaint includes factual allegations requiring a response, those allegations are denied.

27. Substituted Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Substituted Defendant lacks knowledge or information as to the truth of the allegations set forth in paragraph 28 of the Complaint and, therefore, denies the same.

29. Substituted Defendant denies the allegations set forth in paragraph 29 of the Complaint.

## CLAIM FOR RELIEF

30. Substituted Defendant repeats and reprises its responses to the allegations set forth in the foregoing paragraphs of the Complaint.

31. Substituted Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Substituted Defendant denies the allegations set forth in paragraph 32 of the Complaint.

## FURTHER DEFENSES

A. The Debtor's Complaint fails to state a claim for which relief can be granted and should be dismissed.

B. The relief sought in the Complaint is barred for failure to exhaust administrative remedies.

C. Plaintiff's claims are barred by the doctrine of unjust enrichment.

D.  Substituted Defendant reserves its rights to add additional defenses based on the evidence adduced during discovery in this matter.

WHEREFORE, Substituted Defendant prays this Court will dismiss the Complaint, enter judgment in Substituted Defendant's favor, and grant such other and further relief as it deems just and equitable.

DATED at Portland, Maine this 14th day of August, 2025.

/s/ Jeffrey T. Piampiano

Jeffrey T. Piampiano, Esq., Bar No. 9309
*Attorney for Substituted Defendant*
*Texas Guaranteed Student Loan Corp.*

DRUMMOND WOODSUM
84 Marginal Way, Ste. 600
Portland, ME  04101
(207) 772-1941
jpiampiano@dwmlaw.com